2004-NMCA-094

95 P.3d 1059

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Roger MONTAÑO, Defendant–Appellee.**

**No. 23870.**

Court of Appeals of New Mexico.

June 15, 2004.

Patricia A. Madrid, Attorney General, Margaret McLean, Assistant Attorney General, Santa Fe, for Appellant.

John Bigelow, Chief Public Defender, Sujatha Baliga, Assistant Appellate Defender, Santa Fe, for Appellee.

## OPINION

VIGIL, J.

{1}  The State filed a petition to impose an eight year habitual offender sentence on grounds that under a plea and disposition agreement Defendant admitted to being a habitual offender based on three prior felonies, and he was subject to the enhancement because he violated his plea and disposition agreement.  The trial court dismissed the petition, finding it lacked jurisdiction because the Defendant had completed serving his term of incarceration and parole when he was brought before the court on the petition.  The State makes several arguments that the trial court had jurisdiction to impose the enhanced sentence, all of which assume Defendant violated the plea and disposition agreement.  We hold that Defendant did not violate the plea and disposition agreement, and therefore he was not subject to the enhanced sentence.  We affirm the trial court on this basis.

## FACTS

{2}  Defendant and the State entered into a plea and disposition agreement in which they agreed that Defendant would plead guilty to the fourth degree felony offense of possession of methamphetamine, two misdemeanor offenses of possession of paraphernalia, resisting arrest, and also admitted to being a habitual offender based on three prior felonies.  They also agreed that Defendant would be sentenced to a prison term totaling three years, followed by a one-year period of parole.  Further, "[t]he State will at this time withhold imposition of the eight year habitual, pending completion of the period of parole without reoffending for a drug, theft, or felony offense."  The trial court approved the agreement after conducting a hearing at which Defendant admitted to having three prior felony convictions.  Consistent with the agreement, a judgment and order of commitment and partial suspended sentence was filed.  In pertinent part, Defendant was adjudged guilty of possession of methamphetamine, possession of drug paraphernalia, resisting arrest, and of being a habitual offender based on three prior felonies. Defendant was ordered to serve a sentence of three years with the New Mexico Department of Corrections, followed by a one-year parole period.  Further, "the State withholds imposition of an eight (8) year enhancement on the charge of CONTROLLED SUBSTANCES POSSESSION PROHIBITED for being an habitual offender, pending completion of the period of parole without re-offending for a drug, theft, or felony offense."

{3} Defendant was released on parole November 5, 2001, subject to conditions, with the parole term expiring on October 21, 2002, "unless extended by an act of ... revocation." On May 20, 2002, a report of parole violation was filed alleging that Defendant violated six conditions of parole: failing to successfully complete counseling, failing to pay probation costs, failing to report to his probation officer, changing residence without permission, and that he submitted a urine sample, "that tested positive for Amphetamines." Defendant was arrested for the parole violation, waived his right to a hearing, and admitted the parole violations. The revised expiration of Defendant's parole was December 27, 2002, and he served the remainder of his parole in prison.

{4} On July 1, 2002, the State filed a petition to impose eight year habitual offender penalty, alleging that the Defendant had admitted to violating his conditions of parole. It also filed a supplemental criminal information alleging that Defendant was a habitual offender based on three prior felonies, and it requested that a bench warrant for his arrest be issued to insure his presence at a hearing on the State's petition. The State's request for the arrest warrant was granted. The State also wrote a letter on July 2, 2002, to the Central New Mexico Correctional Facility where Defendant was incarcerated, requesting, "that you return this inmate to our custody as soon as he completes his time with you." When Defendant's parole expired on December 27, 2002, he was returned to the Grant County Detention Center, where he was formally arrested on the outstanding bench warrant. The State did not formally request a hearing until December 31, 2002.

{5} Defendant immediately filed a motion to dismiss the State's petition on grounds that he had fully served his underlying sentence, and the trial court therefore lacked jurisdiction to impose the enhanced eight year sentence. The State's response and amended response was that Defendant admitted he violated his parole, and he was therefore subject to the enhanced sentence. Further, the trial court had jurisdiction to impose the enhanced sentence because Defendant was previously adjudged a habitual

offender when he was originally sentenced, and no adjudication that Defendant was a habitual offender was taking place after Defendant completed serving his underlying sentence. Finally, the State argued, the bench warrant and the State's request for Defendant's detainer were issued before his parole expired, demonstrating an intent to maintain jurisdiction to impose the enhanced sentence.

{6} Defendant's first appearance on the bench warrant was on January 6, 2003. Defendant orally moved to dismiss the proceedings on grounds that he had completed serving his sentence. The trial court agreed to review the pleadings and applicable cases, and released Defendant from custody under stringent conditions with the understanding that the State's motion to impose the enhanced sentence was still pending. On January 31, 2003, the trial court filed its order finding that Defendant had completed his term of incarceration and parole and therefore it lacked jurisdiction to impose the enhanced sentence requested by the State. *See State v. Gaddy,* 110 N.M. 120, 123, 792 P.2d 1163, 1166 (Ct.App.1990) (holding enhancing a defendant's sentence as a habitual offender is precluded "after the defendant has completely served that underlying sentence, no matter when the habitual offender proceedings were initiated"). Accordingly, the State's petition to impose the enhanced sentence was dismissed. The State appeals.

## DISCUSSION

{7} A plea agreement is a form of contract between the State and a defendant. *See State v. Mares,* 119 N.M. 48, 51, 888 P.2d 930, 933 (1994) (stating that "[a] plea agreement is a unique form of contract the terms of which must be interpreted, understood, and approved by the trial court"). "Plea agreements, absent constitutional or statutory invalidity, are binding upon both parties[.]" *State v. Santillanes,* 98 N.M. 448, 451, 649 P.2d 516, 519 (Ct.App.1982). Since the trial court did not address any ambiguities in the plea and disposition agreement before accepting it, and there is no other relevant extrinsic evidence to resolve any ambiguity in the agreement, we rely on the rules of contract construction, construing any

ambiguity in favor of the defendant. *State v. Fairbanks*, 2004–NMCA–005, ¶ 15, 134 N.M. 783, 82 P.3d 954. "Under these circumstances, contract interpretation is a legal issue that this Court reviews de novo." *Id.*

{8} The State asserts,

> any claim that Defendant served his 'entire sentence' must be viewed within the context of the Plea and Disposition Agreement, Defendant's parole, Defendant's revocation of parole, Defendant's admissions to being a habitual offender and a parole violator, and the consequences of such behavior following the imposition of the original, underlying sentence.

We agree. The plea and disposition agreement states, "[t]he State will at this time withhold imposition of the eight year habitual, pending completion of the period of parole without reoffending for a drug, theft, or felony offense." The State's right to seek the enhanced sentence depended, in the first instance, on whether Defendant committed "a drug, theft, or felony offense" while on parole. Paraphrasing, Defendant agreed not to commit a "drug offense," a "theft offense," or a "felony offense" while on parole. Defendant was subject to the enhanced sentence if he committed any such "offense" while on parole. Looking at the plain meaning of the word "offense," we conclude it means a violation of the criminal laws. *See* Black's Law Dictionary 1232 (Rev. 4th ed.1968) (defining "offense" to be "[a] crime or misdemeanor; a breach of the criminal laws."). So construed, the terms of the plea and disposition agreement provide that Defendant is subject to the enhanced sentence if he commits a drug, theft or any felony crime, while on parole.

{9} The record shows nothing more than that Defendant admitted to failing to successfully complete counseling, failing to pay probation costs, failing to report to his probation officer, changing residence without permission, and submitting a urine sample that tested positive for amphetamines. None of these acts constitutes a crime. The positive urine test by itself fails to prove the crime of possession of amphetamines or any other crime under the criminal code. *See State v. McCoy*, 116 N.M. 491, 496, 864 P.2d 307, 312 (Ct.App.1993) (holding positive drug test alone is insufficient proof of knowledge or intent to prove possession of drug).

{10} The State and Defendant could have agreed that he would be subject to the enhanced sentence if he violated any terms and conditions of his parole, or if he used a controlled substance. *See State v. Sanchez*, 2001–NMCA–060, ¶ 2, 130 N.M. 602, 28 P.3d 1143 (discussing and enforcing plea agreement in which the defendant admitted to being a habitual offender, and the State agreed not to bring habitual offender enhancement unless defendant was "found to have used a controlled substance while on probation as a result of a chemical test of body fluids"); *State v. Freed*, 1996–NMCA–044, ¶ 3, 121 N.M. 569, 915 P.2d 325 (discussing and enforcing plea agreement in which the defendant admitted to being a habitual offender and was subject to a habitual offender enhancement if he violated any of the conditions of his probation or parole); *Santillanes*, 98 N.M. at 450, 649 P.2d at 518 (discussing and enforcing plea agreement in which the defendant admitted to committing previous felonies and was subject to a habitual offender sentence by violating any condition of the suspended sentence). However, no such agreement was made in this case. Defendant was subject to the enhancement only if he committed a drug, theft, or any felony crime while on parole. Not having committed such a crime while on parole, Defendant was not subject to the enhanced sentence, and the trial court was correct in dismissing the State's petition seeking the enhanced sentence.

{11} We are affirming the trial court on the basis of an argument not made to the trial court. However, every argument made by the State is premised on the assumption that the parole violations constituted a violation of the terms and conditions of the plea and disposition agreement. The issue can be resolved on the plea and disposition agreement itself and the undisputed facts. *See Fairbanks*, 2004–NMCA–005, ¶ 12, 134 N.M. 783, 82 P.3d 954 (stating permissible to affirm trial court on basis of argument not made below, where basis is not fact-dependent and issue could be resolved on the plea agreement itself); *State v. Torres*, 1999–

NMSC–010, ¶ 22, 127 N.M. 20, 976 P.2d 20 (stating that appellate court may affirm on grounds not relied on by the trial court unless those grounds rely upon facts that the appellant did not have an opportunity to address in the proceedings below).

## CONCLUSION

{12}   The order of the trial court is affirmed.

{13}   **IT IS SO ORDERED.**

ALARID and BUSTAMANTE, JJ., concur.