2008-NMCA-083

186 P.3d 900

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Ricardo Adam SENA, Defendant– Appellant.**

No. 27,319.

Court of Appeals of New Mexico.

March 6, 2008.

Certiorari Denied, No. 31,062, May 14, 2008.

Gary K. King, Attorney General, Chris Conlee, Assistant Attorney General, Santa Fe, NM, for Appellee.

D. Eric Hannum, Albuquerque, NM, for Appellant.

## OPINION

VIGIL, Judge.

{1} In this appeal we consider whether the district court erred in admitting evidence about Defendant's juvenile adjudication to impeach his testimony that he had never been convicted of a crime. We hold that evidence of Defendant's juvenile adjudication was not admissible and that its admission into evidence constituted reversible error. We therefore reverse and remand for a new trial. Because we reverse on this issue, we do not reach the other arguments Defendant raises on appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

{2} Victim testified that she lived with Defendant and their seven-month-old son. During an argument outside their home, Defendant beat her while she held their child, lacerated her knee with a knife, forced her to remove her bloodied clothes and burned them, then penetrated her vagina with a garden hose. Victim testified that Defendant forced her to remain inside their home and threatened to kill her if she left.

{3} Defendant's sister testified that she went to Defendant's home and saw that Victim appeared to have been beaten. Defendant's mother testified that she went to the home, saw Victim's condition, and took her to the hospital, although Victim did not want to go. Additionally, two police officers testified to seeing Victim in the hospital and that she appeared to have been badly beaten.

{4} Defendant testified in his own defense. According to Defendant, he and Victim began arguing while he was changing a tire, and she got a knife and tried to slice a tire on the vehicle. Defendant said that she then came at him with the knife, and he hit her several times in self defense. According to Defendant, Victim was holding the knife in her hands when she fell and sliced her own knee. Defendant denied telling Victim that she could not leave, threatening to kill her, burning her clothing, or inserting a garden hose into her vagina.

{5} During direct examination, defense counsel asked Defendant, "Have you ever been convicted of a crime?" Defendant responded that he had not. The prosecutor objected, and the court held a conference outside the presence of the jury to discuss the State's intent to impeach Defendant's testimony that he had never been convicted of a crime. The prosecutor said she intended to question Defendant about his prior juvenile adjudication and to seek admission into evidence a copy of the judgment and disposition adjudicating Defendant to be a delinquent child. Defendant objected on the basis that his juvenile adjudication was not a criminal conviction under Rule 11–609(D) NMRA or the Children's Code. The trial court ruled that Defendant opened the door by his testimony that he had never been convicted of a crime and allowed the evidence.

{6} On cross-examination, the prosecutor asked:

Q. Your testimony was that you have never been convicted of any crime, right?

A. As a juvenile I had little problems here and there.

Q. Little problems here and there. What kind of problems?

A. Battery.

{7} The prosecution then introduced into evidence a judgment and disposition entitled, *In the Matter of Ricardo Adam (AKA Rico) Sena, A Child.* The judgment and disposition sets forth the children's court findings that Defendant committed delinquent acts including possession of drug paraphernalia; battery; concealing identity; and resisting, evading, or obstructing an officer and adjudicates Defendant to be a delinquent child.

{8} The jury found Defendant guilty of kidnaping, criminal sexual penetration, aggravated battery against a household member, child abuse, and tampering with evidence. Defendant appeals, and we reverse.

## DISCUSSION

{9} Defendant argues that the district court committed reversible error by allowing the State to introduce into evidence the juvenile judgment and disposition to impeach his testimony that he had never been convicted of a crime. The question of whether Defendant's juvenile adjudication is a criminal conviction is a question of statutory interpreta-

tion, which we review de novo. *See State v. Fairbanks,* 2004–NMCA–005, ¶ 5, 134 N.M. 783, 82 P.3d 954 (stating that a determination of whether a dismissal under the conditional discharge statute is a "conviction" as contemplated by the crime lab fee statute is a question of law that we review de novo). If the juvenile adjudication constitutes a criminal conviction that is otherwise admissible for impeachment, we review the district court's decision to admit the evidence for an abuse of discretion. *See State v. Lucero,* 98 N.M. 311, 313–14, 648 P.2d 350, 352–53 (Ct.App.1982) (stating that the admission of a defendant's prior conviction for impeachment purposes is reviewed on appeal for an abuse of discretion).

{10} Defendant argues that a juvenile adjudication is not a "conviction" and cannot be used to impeach a criminal defendant's testimony under Rule 11–609, which governs impeachment by evidence of conviction of a crime. We agree with Defendant that evidence of a criminal defendant's prior juvenile adjudication is generally not admissible to impeach his testimony at trial. Under New Mexico law, a juvenile adjudication of delinquency is not a criminal conviction. NMSA 1978, Section 32A–2–18(A) (1996) in pertinent part states:

> A judgment in proceedings on a petition under the Delinquency Act ... resulting in a juvenile disposition *shall not be deemed a conviction of crime* .... The juvenile disposition of a child and any evidence given in a hearing in court shall not be admissible as evidence against the child in any case or proceeding in any other tribunal whether before or after reaching the age of majority, except in sentencing proceedings after conviction of a felony and then only for the purpose of presentence study and report.

(Emphasis added.); *see State v. Smith,* 2000–NMCA–101, ¶ 11, 129 N.M. 738, 13 P.3d 470 (noting the legislative directive that juvenile dispositions not be treated as "convictions" for all purposes). Rule 11–609(D) implements the legislative directives by specifically excluding the use of a juvenile adjudication as a permissible means of impeaching a defendant. The Rule states:

> Evidence of juvenile adjudications is generally not admissible under this rule. The

court may, however, in a criminal case allow evidence of a juvenile adjudication of a witness *other than the accused* if conviction of the offense would be admissible to attack the credibility of an adult and the court is satisfied that admission in evidence is necessary for a fair determination of the issue of guilt or innocence.

(Emphasis added.) *But see State v. Wyman,* 96 N.M. 558, 559–60, 632 P.2d 1196, 1197–98 (Ct.App.1981) (recognizing that an inquiry into the conduct underlying a defendant's juvenile adjudication may be admissible under Rule 11–608(B) NMRA if the prosecution does not specifically question the defendant about the juvenile adjudication and does not otherwise present any evidence regarding the defendant's juvenile adjudication).

{11} The State argues that Defendant opened the door to introduction of his juvenile adjudication because his testimony that he had never been convicted of a crime created a false impression that he had not committed any criminal act in the past and that he was a law abiding person. The State argues that the juvenile adjudication was not introduced under Rule 11–609(D) to attack Defendant's credibility generally as a witness, but rather under Rule 11–404(A)(1) NMRA to rebut the false impression Defendant created that he was a law abiding person who had not committed a criminal act in the past. According to the State, once Defendant created this false impression, it was entitled to rebut the inference under Rule 404(A)(1) by introducing his juvenile adjudication into evidence. We disagree.

{12} Rule 11–404(A)(1) allows the prosecution to offer evidence to rebut a criminal defendant's evidence of his good character. *See State v. Elinski,* 1997–NMCA–117, ¶ 22, 124 N.M. 261, 948 P.2d 1209 (stating that where the defendant introduces evidence of a good character trait, Rule 11–404(A)(1) allows the prosecution to rebut that evidence). However, Rule 11–405 NMRA limits the manner in which the prosecution can rebut a defendant's character evidence. The Rule is entitled, "Methods of proving character," and provides:

> A. Reputation or opinion. In all cases in which evidence of character or a trait of character of a person is admissible, proof

may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.

B. Specific instances of conduct. In cases in which character or a trait of character of a person is an essential element of a charge, claim or defense, proof may also be made of specific instances of that person's conduct.

Thus, "except on cross-examination, the method of proof is limited to reputation or opinion evidence and does not include inquiry into specific instances of misconduct unless character is an essential element of a charge, claim, or defense." *Elinski*, 1997–NMCA–117, ¶ 22, 124 N.M. 261, 948 P.2d 1209. Here, admitting Defendant's juvenile judgment and disposition into evidence did not conform with Rule 11–405. Therefore, assuming that Defendant's testimony created a false impression concerning his good character, Rule 11–405 did not allow Defendant's juvenile judgment and disposition to be admitted into evidence to refute Defendant's testimony.

{13} To the extent that the prosecution believed that Defendant's testimony created a false impression that he had not committed any criminal act in the past, we point out that this was not Defendant's testimony. Further, when the prosecutor asked on cross-examination about Defendant's testimony that he had never been convicted of a crime, Defendant admitted that he had had problems as a juvenile. Thus, at the point at which the prosecutor inquired into what kind of problems and introduced the adjudication, there was no false impression to rebut.

■ {14} We now determine whether the error in the admission of the juvenile adjudication was harmless.

In order to warrant reversal, the erroneous admission of evidence must cause prejudice to a defendant. In determining whether a particular error committed by the trial court is harmless, we apply a three-part test: (1) the conviction must be supported by substantial evidence without reference to the improperly admitted evidence; (2) there must be such a disproportionate amount of permissible evidence against the defendant that the improperly

admitted evidence appears minuscule in comparison; and (3) there was no substantial conflicting evidence to discredit the permissible evidence introduced by the State.

*State v. Gonzales*, 2000–NMSC–028, ¶ 32, 129 N.M. 556, 11 P.3d 131 (citation omitted). "We utilize this three-part test to assess the more general question of whether 'there is a reasonable possibility that the evidence complained of might have contributed to the conviction.'" *Id.* (quoting *Clark v. State*, 112 N.M. 485, 487, 816 P.2d 1107, 1109 (1991)); *see also State v. Soto*, 2007–NMCA–077, ¶ 22, 142 N.M. 32, 162 P.3d 187.

{15} We do not believe that the error in the admission of Defendant's juvenile adjudication was harmless in this case. The first element of the test is satisfied because there was substantial evidence to support the convictions without reference to the improperly admitted evidence. However, even assuming that the second element of the test is satisfied, there was still substantial conflicting evidence to discredit the permissible evidence introduced by the State. Defendant testified and contradicted Victim's version of the events. *See Soto*, 2007–NMCA–077, ¶ 24, 142 N.M. 32, 162 P.3d 187 (finding substantial evidence to discredit the State's evidence where the defendant testified and contradicted the testimony of the State's witnesses); *see also State v. Tave*, 1996–NMCA–056, ¶ 17, 122 N.M. 29, 919 P.2d 1094 (finding the error in admitting a defendant's prior conviction was not harmless error where the jury had to assess various witnesses' credibility). For this reason, we cannot say that the improper evidence of Defendant's juvenile adjudication did not contribute to the jury's verdict.

## CONCLUSION

{16} For the foregoing reasons, we reverse Defendant's convictions and remand for a new trial.

{17} **IT IS SO ORDERED.**

WE CONCUR: LYNN PICKARD and JAMES J. WECHSLER, Judges.