This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                                             NO.    28,225

**TIMOTHY DEEDS,**

    Defendant-Appellant.


**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Albert S. "Pat" Murdoch, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
James W. Grayson, Assistant Attorney General
Albuquerque, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
J. K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant is appealing his convictions for criminal sexual penetration of a minor, attempted criminal sexual penetration of a minor, criminal sexual contact of a minor, and bribery of a witness. On appeal, Defendant claims that (1) reversible error occurred when the prosecutor asked him on cross-examination about a prior juvenile adjudication of delinquency, (2) a nurse's testimony impermissibly exceeded the scope of the hearsay exception that permits the admission of out-of-court statements related to medical diagnoses, and (3) double jeopardy requires merger of his convictions for criminal sexual contact of a minor and attempted criminal sexual penetration of a minor. We agree with Defendant on the double jeopardy claim; accordingly, we reverse and remand with instructions to set aside the conviction for criminal sexual contact of a minor. We affirm on the remaining issues.

**BACKGROUND**

Defendant lived briefly with his sister and her three daughters. All three daughters were under the age of seven at that time. The middle child, Analicia, accused Defendant of inappropriate touching. Defendant's sister called the police. Analicia was examined by a Sexual Assault Nurse Examiner (SANE nurse). Defendant was subsequently indicted on three counts of criminal sexual penetration of a minor, one count of attempted criminal sexual penetration of a minor, one count

of criminal sexual contact of a minor, one count of contributing to the delinquency of a minor, and one count of bribery of a witness.

Prior to trial, Defendant filed a motion in limine to exclude any extrinsic evidence or reference to Defendant's prior juvenile case involving sexual misconduct. On the morning of trial the State agreed not to mention it unless Defendant opened the door to its use by his testimony. Believing that Defendant thereafter opened the door to this line of questioning in his testimony on direct examination, the State asked Defendant on cross-examination if it was true that he had been convicted of similar acts when he was a juvenile.

At trial the State relied primarily on the testimony of Analicia, her older sister, her mother, and the SANE nurse. The jury rejected Defendant's testimony that the charged conduct did not occur and convicted him of one of the counts of  criminal sexual penetration of a minor, attempted criminal sexual penetration of a minor, criminal sexual contact of a minor, and bribery of a witness. This appeal followed.

**DISCUSSION**

**1.    Cross-Examination**

Defendant contends that the State impermissibly referred to his prior juvenile adjudication of delinquency during cross-examination. Defendant claims that the Rules of Evidence bar any reference to juvenile adjudications. "We review the

admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse." *State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72. "An abuse of discretion arises when the evidentiary ruling is clearly contrary to logic and the facts and circumstances of the case." *State v. Armendariz*, 2006-NMSC-036, ¶ 6, 140 N.M. 182, 141 P.3d 526.

Here, Defendant was asked on direct examination about his reaction to his sister's questions concerning the accusations. He responded "I told her I would never do anything like that, that was gross." The State thereafter commenced its cross-examination of Defendant as follows:

Q:     [Defendant], a minute ago when you were testifying you said that you told your sister that you would never do something like this because it is gross, correct?

A:     I was repeating what I had said to her.

Q:     But that is -- that's what you said, correct?

A:     Yes.

Q:     But, as a matter of fact, that's not true, as a juvenile you were convicted of doing something similar to this, weren't you?

A:     Yes.

As a general proposition, we note that Defendant does not prevail on his argument by relying on any particular rule of evidence that would exclude his prior juvenile record. *See State v. Rivera*, 115 N.M. 424, 429, 853 P.2d 126, 131 (Ct. App.

1993) ("[E]vidence admissible for one purpose is not to be excluded because it is inadmissible for another purpose."). As such, we are not persuaded by Defendant's reliance on Rule 11-609(D) NMRA, governing the admissibility of any prior convictions to impeach a witness. The plain language of that rule excludes the use of juvenile records as an accepted means of impeaching an accused's testimony "under this rule." *Id.* We addressed this very issue in *State v. Sena*, 2008-NMCA-083, 144 N.M. 271, 186 P.3d 900. In that case, the prosecution introduced extrinsic evidence of the defendant's prior juvenile acts of delinquency. *Id.* ¶ 7. This Court observed that Rule 11-609(D) expressly prohibited the use of juvenile records to impeach the defendant. *Sena*, 2008-NMCA-083, ¶ 10. Nevertheless, applying the general proposition that exclusion under one rule does not prohibit admission under a separate rule, this Court considered the State's contention that the records were admissible to rebut the false impression the defendant created in his testimony. *Id.* ¶ 11. Rule 11-404(A)(1) NMRA permits character evidence "offered by an accused, or by the prosecution to rebut the same[.]" *See State v. Elinski*, 1997-NMCA-117, ¶ 22, 124 N.M. 261, 948 P.2d 1209 (noting that where the defendant introduces evidence of a good character trait, Rule 11-404(A)(1) allows the prosecution to rebut that evidence). As this Court explained in *Sena*, the method of proof restricts the use of character

evidence that would otherwise be admissible under the broad language of Rule 11-404(A)(1):

> Rule 11-405 NMRA limits the manner in which the prosecution can rebut a defendant's character evidence. The Rule is entitled, "Methods of proving character," and provides:
>
> > A. Reputation or opinion. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.
> >
> > B. Specific instances of conduct. In cases in which character or a trait of character of a person is an essential element of a charge, claim or defense, proof may also be made of specific instances of that person's conduct.
>
> Thus, "except on cross-examination, the method of proof is limited to reputation or opinion evidence and does not include inquiry into specific instances of misconduct unless character is an essential element of a charge, claim, or defense."

*Sena*, 2008-NMCA-083, ¶ 12 (quoting *Elinski*, 1997-NMCA-117, ¶ 22).

Although Defendant argues that *Sena* is "virtually identical" to the present case, the above-quoted language indicates a critical distinction. As noted in *Sena*, the State's method of proof was to introduce extrinsic evidence concerning the defendant's juvenile history. *Id.* ¶ 9. This was not permitted under Rule 11-405. However, Rule 11-405(A) expressly permits reference to relevant specific instances of conduct on cross-examination. This was the case here. Because Defendant's own testimony opened the door to his character and whether he would ever engage in this

6

type of sexual behavior, and because Defendant's prior conduct was highly probative on this matter, we conclude that it was not error for the State to cross-examine Defendant regarding this prior conduct.

**2.      Medical Testimony**

Defendant challenges the admission of out-of-court statements made by Analicia to the SANE nurse. Rule 11-803(D) NMRA provides a hearsay exception for statements made for medical diagnosis or treatment. However, this exception does not permit testimony that strays beyond the limited purpose of the rule. *See generally State v. Ortega*, 2008-NMCA-001, ¶¶ 16-27, 143 N.M. 261, 175 P.3d 929 (filed 2007) (discussing limitations of the rule). On appeal, Defendant argues that the SANE nurse's testimony exceeded the scope of the rule.

We do not deem it necessary to reach the merits of Defendant's claim. In order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the district court of the nature of the claimed error and invokes an intelligent ruling thereon. *State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280. We agree with the State that Defendant did not object in a manner that specifically alerted the district court to the claimed error.

During the direct testimony of the SANE nurse, where she was describing her physical examination of Analicia, the following exchange took place:

7

Q: Now, why did you examine the genitals?

A: That was the area that the child told me had been touched.

Q: What did she tell you?

A: Do you want me to give you her direct quotations or just summarize it?

Q: Go ahead and give me the direct quotations.

[Defense Counsel]: I'm going to object.

The Court: Please approach, counsel.

. . . .

[Defense Counsel]: I don't want her reading from a document that isn't in evidence. I understand the [c]ourt was probably going to find these statements were made for medical diagnosis or treatment, but it looked like she was about to read from a document which has not been admitted into evidence. She can summarize them.

The Court: The statements were made . . . for purposes of medical diagnosis and treatment, I will ask you first to ask her to testify from memory. If she can't, then she can refresh her recollection.

It is clear from this exchange that not only did defense counsel fail to specifically alert the district court to the issue of whether the nurse's testimony exceeded what is allowed under Rule 11-803(D), she conceded the issue and was instead addressing the nurse's reliance on a document not admitted into evidence. This interpretation is reinforced by counsel's failure to object to the Court's subsequent ruling on the nature of the SANE nurse's testimony. At no point did

defense counsel argue that the testimony concerning the out-of-court statements went beyond the purpose of medical diagnosis.

On appeal, we will not consider issues not raised in the district court unless the issues involve matters of jurisdictional or fundamental error. *In re Aaron L.*, 2000-NMCA-024, ¶ 10, 128 N.M. 641, 996 P.2d 431. Fundamental error occurs "only where the defendant's guilt is open to such question as would shock the conscience if the conviction were permitted to stand." *State v. Jett*, 111 N.M. 309, 314, 805 P.2d 78, 83 (1991). Defendant has not made any argument in support of fundamental error, instead relying on the claim that the issue was preserved. Having concluded that the issue was not preserved, and in the absence of any argument in support of fundamental error, we summarily reject its application here. Finally, with respect to Defendant's argument that the error was not harmless, we note that the harmless error analysis is inapplicable because Defendant has not established error. *See generally State v. Barr*, 2009-NMSC-024, ¶¶ 46-57, 146 N.M. 301, 210 P.3d 198 (discussing harmless error doctrine).

**3.     Double Jeopardy**

Defendant claims that double jeopardy requires merger of his convictions for criminal sexual contact of a minor and attempted criminal sexual penetration of a minor. The State concedes that Defendant is correct on this issue. We are not bound

9

by the State's concession, and we therefore engage in our own analysis as to whether Defendant's conduct was unitary. *See State v. Caldwell*, 2008-NMCA-049, ¶ 8, 143 N.M. 792, 182 P.3d 775.

"Merger in New Mexico is a remedial measure in response to a violation of the double jeopardy protection against multiple punishments for a single offense[.]" *State v. Santillanes*, 2001-NMSC-018, ¶ 28, 130 N.M. 464, 27 P.3d 456. Because this case involves multiple statutes, it is classifiable as a double-description case. *See Armendariz*, 2006-NMSC-036, ¶ 20. We must therefore apply a two-part test in order to determine whether a double jeopardy violation has occurred. *Id.* "The first part of the test requires the determination of whether the conduct underlying the offenses is unitary. If it is, we proceed to the second part of the test, which requires us to examine the relevant statutes to determine whether the Legislature intended to create separately punishable offenses." *Id.* ¶ 21 (citations omitted). In order to assess whether the conduct underlying the offenses is unitary, we turn to the evidence presented below in the context of the respective jury instructions. *See id.* (The issue of whether conduct is unitary under the first part of a *Swafford* analysis requires a careful review of the evidence.).

Here, the jury was instructed that in order to find Defendant guilty of attempted criminal penetration, it had to find the following:

> 1. The defendant intended to commit the crime of [c]riminal [s]exual [p]enetration (Child [u]nder 13);
>
> 2. The defendant began to do an act which constituted a substantial part of the [c]riminal [s]exual [p]enetration (Child [u]nder 13) but failed to commit the [c]riminal [s]exual [p]enetration (Child [u]nder 13)[.]

Criminal sexual penetration was defined as:

> 1. The defendant caused Analicia . . . to engage in sexual intercourse; OR caused the insertion, to any extent, of the penis into the anus and/or vagina of Analicia[.]

Criminal sexual contact was defined as:

> 1. [D]efendant touched or applied force to the unclothed vagina and/or buttocks of Analicia[.]

Defendant's convictions on these counts are based on Analicia's testimony that Defendant "put his pee-pee between my butt." Her testimony indicates that this episode was limited to touching, with no penetration, and the State in closing argument made it the basis for the attempted criminal sexual penetration and criminal sexual contact charges. As such, we conclude that the State relied on unitary conduct.

Turning to the second part of our double jeopardy analysis, we are guided by our Supreme Court's conclusion that the Legislature did not intend separate punishments for both criminal sexual contact of a minor and criminal sexual penetration of a minor. *State v. Pierce*, 110 N.M. 76, 80, 792 P.2d 408, 412 (1990); *see also State v. Mora*, 2003-NMCA-072, ¶ 27, 133 N.M. 746, 69 P.3d 256.

11

Accordingly, we reverse Defendant's conviction for criminal sexual contact of a minor. *See Mora*, 2003-NMCA-072, ¶ 29 (setting aside criminal sexual contact of a minor conviction based on merger with conviction for attempted criminal sexual penetration of a minor).

**CONCLUSION**

For the reasons set forth above, we affirm Defendant's convictions for criminal sexual penetration of a minor, attempted criminal sexual penetration of a minor, and intimidation of a witness. We reverse Defendant's conviction for criminal sexual contact of a minor, and we remand this matter to the district court to set aside that conviction and to resentence Defendant.

**IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Judge**

_____
**TIMOTHY L. GARCIA, Judge**