This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                          **NO. 35,345**

**BRIAN L. STOTTS,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

**{1}** Defendant is appealing from a district court judgment entered after he pled no

contest to false imprisonment, robbery, and tampering with evidence. We issued a second calendar notice proposing to reverse the denial of Defendant's motion to withdraw his plea. The State has responded with a memorandum in opposition. Not persuaded, we reverse the district court.

{2} In this appeal, Defendant is arguing that the district court should have permitted him to withdraw his plea because he believed the terms of his plea agreement did not permit the district court to enhance his sentence with a disclosed prior felony conviction.

{3} "A motion to withdraw a guilty plea is addressed to the sound discretion of the trial court, and we review the trial court's denial of such a motion only for abuse of discretion." *State v. Paredez*, 2004-NMSC-036, ¶ 5, 136 N.M. 533, 101 P.3d 799 (internal quotation marks and citation omitted). We will not re-weigh the evidence on appeal. *See State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 ("The appellate courts do not search for inferences supporting a contrary [ruling] or re-weigh the evidence because this type of analysis would substitute an appellate court's judgment for that of the [fact finder]." (internal quotation marks and citation omitted)).

{4} Here, Defendant's plea agreement noted a total basic sentence of seven and one-half years for three offenses to which he pled no contest. [RP 96] The agreement also contains an admission of identity with respect to a prior felony conviction. [RP 95]

The agreement thereafter states that his basic sentence is subject to habitual offender enhancement "if [D]efendant has any undisclosed prior felony convictions." [RP 96] The record does not reflect, and the State has not advised us of, any felony convictions that had not been disclosed. The district court nevertheless subsequently enhanced Defendant's sentence based on the one prior felony conviction (a residential burglary in Texas) that had been disclosed by adding one year to each of the sentences for the three felonies to which he pled guilty, for a total of ten and half years. [RP 110-12] In other words, Defendant was given the maximum period of imprisonment to which he could have been sentenced if he had not pled guilty and instead was tried and convicted. [RP 95, 111]

{5}     Our case law is clear that plea agreements should be construed as a defendant would reasonably understand them. *See State v. Fairbanks*, 2004-NMCA-005, ¶ 15, 134 N.M. 783, 82 P.3d 954 ("Upon review, [appellate courts] construe the terms of the plea agreement according to what [the d]efendant reasonably understood when he entered the plea." (internal quotation marks and citation omitted)). Because the terms of the plea agreement in this case state that Defendant will be subject to habitual enhancement for any "undisclosed" priors, our second calendar notice proposed to hold that Defendant's sentence could not be enhanced by the prior felony that had been disclosed.

{6}    In its memorandum in opposition, the State relies on language in the "Admission of Identity" section stating that Defendant agrees "that there are no substantial and compelling reasons for suspending or deferring the enhancement of the Robbery count[.]" [RP 94] However, the language limiting enhancement to "undisclosed" prior felonies is located in the section of the plea agreement that addresses sentencing. [RP 96] Therefore it would be reasonable for Defendant to believe that, notwithstanding his acknowledgment of the prior felony conviction, the State was agreeing to waive the sentencing enhancement in exchange for his agreement to plead guilty to the three felonies. To the extent the language in the "Admission of Identity" section created an ambiguity, the ambiguity would be construed against the State, as drafter of the contract. *See Heye v. Am. Golf Corp.*, 2003-NMCA-138, ¶ 14, 134 N.M. 558, 80 P.3d 495. Finally, we note that the enhancement language relied on by the State only refers to the Robbery charge, and does not refer to the other two felonies to which Defendant pled no contest. [RP 95] Notwithstanding this limitation, the district court enhanced all three felonies. [RP 111]

{7}    For the reasons set forth above, we reverse the denial of Defendant's motion, and we remand with instruction to allow Defendant to withdraw his plea.

{8}    **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

4

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**HENRY M. BOHNHOFF, Judge**