2006-NMSC-044

142 P.3d 899

**STATE of New Mexico, Plaintiff–Respondent,**

v.

**Chris Allen SIMMONS, Defendant–Petitioner.**

**No. 29,563.**

Supreme Court of New Mexico.

Aug. 29, 2006.

As Revised Sept. 25, 2006.

John Bigelow, Chief Public Defender, Karl Erich Martell, Assistant Appellate Defender, Santa Fe, NM, for Petitioner.

Patricia A. Madrid, Attorney General, Katherine Zinn, Assistant Attorney General, Santa Fe, NM, for Respondent.

## OPINION

CHÁVEZ, Justice.

{1} Chris Allen Simmons ("Defendant") entered guilty pleas to pending charges on November 26, 2003. He appeals his sentencing under NMSA 1978, Section 31–18–17(D) (2003) ("habitual offender statute"), claiming that a 1990 felony conviction should not have been used to enhance his sentence when he completed his sentence for the 1990 conviction more than ten years before his plea of guilty to the present charges. The State relied on a plea agreement wherein Defendant admitted the validity of two prior felonies including the 1990 felony. However, during the sentencing hearing Defendant himself raised an issue as to whether the 1990 felony conviction was too old to be considered under the habitual offender statute. Despite Defendant having raised the issue the district court proceeded to sentence Defendant as an habitual offender using both prior felony convictions to enhance Defendant's basic sentence by 20 years.

{2} The Court of Appeals affirmed and we granted certiorari to address the requirements of Section 31–18–17(D) as amended by the New Mexico Legislature in 2002 and 2003. In relevant part these amendments preclude the use of a prior felony conviction if the Defendant completed serving his or her sentence, probation or parole for the prior conviction more than ten years before the

present conviction. We agree with Defendant that his plea agreement did not address the timeliness of the 1990 conviction under the habitual offender statute, and therefore, because Defendant raised the issue at the time of sentencing, the State continued to have the burden to prove the timeliness of the 1990 conviction. Accordingly we reverse the Court of Appeals and remand to the district court to determine whether the 1990 felony conviction met the time requirement of Section 31–18–17(D).

## I. FACTS AND PROCEDURAL BACKGROUND

{3} Defendant was indicted on March 13, 2003 for possession of a controlled substance and possession of drug paraphernalia. He was later indicted April 17, 2003 on unrelated charges for residential burglary, conspiracy to commit residential burglary, theft of a credit card, fraudulent use of a credit card and conspiracy to commit fraudulent use of a credit card. On November 26, 2003, after consulting with his lawyer, Defendant signed Repeat Offender Plea and Disposition Agreements in which he agreed to plead guilty to all counts and to admit that he was the person convicted of two previous felonies as described in the State's supplemental criminal information.[1] The two separate cases were consolidated for sentencing. During the sentencing hearing, Defendant himself raised an issue as to whether the 1990 felony conviction could be used to increase his sentence as an habitual offender. The State did not respond to Defendant's statement and the court went on to sentence Defendant.

{4} The district judge sentenced Defendant to eighteen months incarceration, with a four year habitual offender enhancement for the felony possession charge, and three hundred sixty-four days incarceration for the misdemeanor paraphernalia charge on the first indictment. Defendant was sentenced to three years incarceration for the residential burglary charge, and eighteen months incarceration for each of the other four felonies in the second indictment for a total basic

sentence of nine years. Each of the five sentences under the second indictment was enhanced by four years based on the two prior felony convictions. The sentence on the second indictment totaled twenty-nine years. As agreed to by the parties the sentences under both indictments were run concurrently, resulting in a total sentence of incarceration of twenty-nine years plus two years of parole.

{5} Defendant challenged his sentence in the Court of Appeals on the basis that the State failed to prove that his 1990 conviction could be used as a "prior felony conviction" within the meaning of Section 31–18–17(D) as amended by the Legislature in 2002. The Court of Appeals, in a memorandum opinion, affirmed Defendant's sentence, holding that Defendant was precluded from contesting the date of the prior convictions since he admitted the validity of the prior convictions in his signed plea agreement. The Court of Appeals concluded that because Defendant admitted the validity of the prior convictions, the State had met its burden of proof that both prior felonies should be used to increase defendant's basic sentence. This Court granted certiorari to address the requirements of Section 31–18–17(D) as amended by the New Mexico Legislature in 2002 and 2003. For the reasons detailed below we reverse the Court of Appeals and remand to the district court for re-sentencing.

## II. DISCUSSION

### A. The Habitual Offender Statute

{6} We interpret statutes de novo. *See Romero Excavation & Trucking, Inc. v. Bradley Constr., Inc.*, 1996–NMSC–010, ¶ 6, 121 N.M. 471, 913 P.2d 659. Our principal objective in interpreting a statute is to determine the intent of the legislature. *Regents of the Univ. of N.M. v. N.M. Fed'n of Teachers*, 1998–NMSC–020, ¶ 28, 125 N.M. 401, 962 P.2d 1236. The habitual offender statute requires trial courts to alter the basic sentence for persons convicted of noncapital felonies who are "habitual offenders" because of prior felony convictions. *See* § 31–18–17.

---

1. The only agreement regarding sentencing appeared to be that the sentences under both indictments would run concurrently.

Prior to a July 1, 2002 amendment of Section 31–18–17, the habitual offender statute imposed a mandatory enhancement of the basic sentence in all cases where the defendant had a prior felony conviction, regardless of the date of the prior conviction. *State v. Shay*, 2004–NMCA–077, ¶ 2, 136 N.M. 8, 94 P.3d 8; *see* NMSA 1978, § 31–18–17 (1993). However, as of July 1, 2002, not all prior felony convictions can be used to enhance a basic sentence. In 2002, the Legislature amended Section 31–18–17 to authorize some discretion by trial courts when a defendant had only one prior felony conviction. *Shay*, 2004–NMCA–077, ¶ 2, 136 N.M. 8, 94 P.3d 8. The Legislature also changed the definition of "prior felony conviction" to include only those convictions "when less than ten years have passed prior to the instant felony conviction since the person completed serving his sentence or period of probation or parole for the prior felony, whichever is later . . . ." NMSA 1978, § 31–18–17(D)(2) (2002). In 2003, the Legislature amended the habitual offender statute again to exclude DWI convictions from the definition of prior felony conviction, while leaving the ten year limit intact. NMSA 1978, § 31–18–17(D)(1)(2) (2003).

{7} Before the 2002 amendments to the habitual offender statute, the State had to prove that a defendant had been convicted of a prior felony. *State v. Garcia*, 95 N.M. 246, 250, 620 P.2d 1271, 1273 (1980) ("The State makes a prima facie case upon proof that defendant has been convicted of a crime."). Under the pre–2002 habitual offender statute, a prima facie case consisted of proof of the two elements of the statute: defendant must be the same person (identity) convicted of the prior felony (validity of conviction). *See State v. Smith*, 2000–NMSC–005, ¶ 2, 128 N.M. 588, 995 P.2d 1030 (identity not at issue but defendant contested validity of prior conviction); *State v. Sanchez*, 2001–NMCA–060, ¶ 20, 130 N.M. 602, 28 P.3d 1143 (the defendant admitted he was the same person convicted of the prior felonies); *State v. Elliott*, 2001–NMCA–108, ¶ 38, 131 N.M. 390, 37 P.3d 107 (the State made its prima facie case by showing the defendant was the person convicted of an offense that would be a felony in New Mexico). To meet its burden the State often entered into a written plea agreement with the defendant wherein the defendant admitted both his identity as the prior felon and the validity of the prior felony conviction. *See Smith*, 2000–NMSC–005, ¶ 4, 128 N.M. 588, 995 P.2d 1030 (describing the defendant's plea agreement affirming his prior convictions).

█ {8} After the 2002 amendments, three elements, rather than only two, must be proved: (1) defendant must be the same person, (2) convicted of the prior felony, and (3) less than ten years have passed since the defendant completed serving his or her sentence, probation or parole for the conviction. Clearly, in addition to identity and validity of conviction, Section 31–18–17 (2003) also has a time requirement before a prior felony conviction can be used to enhance a defendant's sentence. *Shay*, 2004–NMCA–077, ¶ 22, 136 N.M. 8, 94 P.3d 8. In *Shay*, the Court of Appeals noted that the record there did not establish when the defendant had completed serving his sentence on a prior felony conviction, and therefore directed that "[o]n remand, the district court will need to make these determinations." *Id.*

█ {9} We are aware that a companion habitual offender statute explains the proceedings for prosecution of habitual offenders as requiring the trial court to make only two findings: "the defendant is the same person and that he was in fact convicted of the previous crime or crimes as charged." NMSA 1978, § 31–18–20(C) (1983). This statute was last amended in 1983 and does not reflect the amendment to Section 31–18–17 in 2002. If there is a conflict between Sections 31–18–17 and 31–18–20, the recently amended, more specific statute controls. *See* NMSA 1978, § 12–2A–10(A) (1997) (explaining that if conflict in statutes "is irreconcilable, the later-enacted statute governs"); and *see State v. Santillanes*, 2001–NMSC–018, ¶ 11, 130 N.M. 464, 27 P.3d 456 (explaining that the goal of the general/specific rule when two statutes conflict is to determine legislative intent). Thus, the proceedings for prosecution of habitual offenders must include proof of all three of the elements required by Section 31–18–17: identity, convic-

tion, and timing. *See Shay*, 2004–NMCA–077, ¶ 7, 136 N.M. 8, 94 P.3d 8 ("By deliberately changing the statute . . . and in narrowing the definition of a prior felony conviction, the legislature indicated its dissatisfaction with the old scheme and an intent to depart from that scheme.")

## B. Proof of Timeliness of Prior Felony Conviction

 {10} Since the State has the burden of proof under habitual offender proceedings, *Elliott*, 2001–NMCA–108, ¶ 35, 131 N.M. 390, 37 P.3d 107, we examine the State's case for the timeliness of the prior felony conviction at issue against Defendant. The standard of proof for the State's evidence is a preponderance of the evidence. *Smith*, 2000–NMSC–005, ¶ 9, 128 N.M. 588, 995 P.2d 1030. The sufficiency of the evidence is reviewed with a substantial evidence standard. *State v. Treadway*, 2006–NMSC–008, ¶ 7, 139 N.M. 167, 130 P.3d 746. When we review for substantial evidence we give deference to the findings of the district court. *State v. Sandoval*, 2004–NMCA–046, ¶ 8, 135 N.M. 420, 89 P.3d 92.

 {11} In order to make a prima facie case under Section 31–18–17 (2003), the State must offer proof of all three elements: identity, conviction, and timing. In its memorandum opinion, the Court of Appeals held that the State met its prima facie burden of proof, apparently through Defendant's plea agreement, and therefore it was up to the trial court's discretion to decide whether to believe Defendant's assertion that the prior felony was outdated.

 {12} We address the plea agreement as a unique form of contract, binding upon both parties, relying on the rules of contract construction. *State v. Montano*, 2004–NMCA–094, ¶ 7, 136 N.M. 144, 95 P.3d 1059. " 'Under these circumstances, contract interpretation is a legal issue that this Court reviews de novo.' " *Id.* (quoting *State v. Fairbanks*, 2004–NMCA–005, ¶ 15, 134 N.M. 783, 82 P.3d 954). Defendant signed two plea documents called "Repeat Offender Plea and Disposition Agreement" (Agreement), relating to the two separate cases that were later consolidated for sentencing. Each Agreement contains "Admission of Identity" and "Supplemental Criminal Information" sections through which Defendant agreed that he was the person convicted of enumerated crimes, and thus admitted to the first two elements of the definition of prior felony conviction contained in the habitual offender statute. The "Admission of Identity" section required Defendant to agree "that the conviction for these crimes is valid as defined below in the section labeled 'Habitual Offender Proceedings.' " The Habitual Offender Proceedings section outlines various future possibilities for additional habitual offender proceedings against the defendant, and includes the following two sections pertinent to this case:

2. **Proof.** The State will use the defendant's admission of identity on the prior felony convictions in any additional habitual offender proceedings. The defendant understands and agrees that the admissions alone will be sufficient to prove the existence of the convictions and the defender's identity.

3. **Validity of Conviction.** The defendant also agrees that the convictions listed in the section labeled "Admission of Identity," as well as those to which the defendant is pleading guilty in this agreement, are valid. Valid means the defendant is the person who was convicted of the crimes, that the crimes were felonies and that the defendant's constitutional rights, including the right to counsel, were explained to the defendant at the time the conviction was obtained. The defendant waives any collateral attack on the validity and effectiveness of the above convictions, including those to which the defendant is . . . pleading guilty under this agreement. The defendant agrees not to contest the validity of the convictions as defined above if additional habitual offender proceedings are brought under the terms of this agreement. If the defendant contests the validity of the convictions as defined above, the State may, at its option, reinstate any charges dismissed or not filed as a result of this agreement.

The State argues that Defendant admitted not only his identity and the fact of the 1990

prior felony conviction, but by signing the plea agreement also admitted that the conviction was "properly usable as a 'prior felony conviction' for sentencing enhancement." The plain language of the agreement indicates otherwise. The only indication in the Agreement that Defendant admits the prior felony is "valid" plainly refers only to identity, conviction, and validity in terms of Defendant's constitutional rights at the time of the prior convictions. There is no mention whatsoever of the third element for a prior felony conviction, that less than ten years have passed since the defendant completed serving his sentence, probation or parole for the conviction. Contrary to the State's assertions that the issue of the timing of the conviction is a collateral attack on the validity or effectiveness of the prior felony conviction, the third element is not collateral, but is expressly required by the statute.

{13} The State has argued in this appeal that "it was not the State's burden to present evidence on the issue of whether Petitioner's 1990 prior felony conviction was less than ten years old and thus effective for sentencing enhancement purposes." Through Section 31–18–17, as amended in 2002, the legislature made this issue the State's burden. The State argues, however, that since Defendant has not produced evidence to support his claim of the invalidity of his prior conviction for sentencing purposes, this "simply is not a matter to be decided," quoting *State v. O'Neil*, 91 N.M. 727, 730, 580 P.2d 495, 498 (Ct.App.1978). The State has misinterpreted *O'Neil*, which describes the shifting burden of proof required for determining the validity of a prior conviction for sentencing purposes. In *O'Neil*, the State made a prima facie showing of the required elements for proving the prior convictions: the identity of the defendant and the existence of the prior convictions. *Id.* at 728, 580 P.2d at 496. The defendant then challenged the validity of the convictions, and thus had the burden of presenting evidence in support of the asserted invalidity. *Id.* at 729, 580 P.2d at 497. *O'Neil* demonstrates that the State must make its prima facie showing, including all of the required elements for a prior felony conviction as defined by the habitual offender statute, and then the burden

of proof shifts to the defendant. In this case, the State has not made a prima facie showing of all three required elements, and therefore the burden of proof has not yet shifted to the defendant. Once the State presents a prima facie case showing identity, prior conviction, and timing, the burden to present proof of invalidity will shift to the defendant, and he will be required to produce evidence in support of his defense. *Id.* As *O'Neil* demonstrates, once such evidence is offered, "the State must then persuade the fact finder that the guilty pleas are valid ... It is the State that is relying on the prior convictions in order to enhance defendant's sentence for his last felony conviction." *Id.*

{14} The burden of making a prima facie case is not onerous on the State. The "Supplemental Criminal Information" filed by the State to support the habitual offender enhancement in this case already contained the dates of the previous conviction, the exact charge, and the jurisdiction of the conviction. In addition, NMSA 1978, Section 31–13–1(C) (2005) requires that "[a] person who has served the entirety of a sentence imposed for a felony conviction, including a term of probation or parole shall be issued a certificate of completion by the corrections department." We also note that even when the prior felony conviction occurred in another state, as in this case, information should be available to assist the State in proving all three elements of a prior felony conviction. For example, the felony conviction at issue here occurred in Nevada. Nevada statutory law requires the Director of the Corrections Department to submit to the county clerk every month a list of "offenders released from prison or discharged from parole." Nev.Rev.Stat. § 209.134 (2005). This list includes the name of each offender "released from prison by expiration of his term of imprisonment during the previous month or who was discharged from parole during the previous month," as well as "the case number of each offense for which the offender was released or discharged." *Id.* Thus, with modern technology and the public records of state corrections departments, it should not be difficult for the State to prove all three required elements of a prior felony conviction

under the habitual offender statute. The Legislature has made it clear that as of July 1, 2002 only certain prior felony convictions may be used to enhance a defendant's basic sentence.

{15} The State must prove that any and all prior felony convictions it relies on to enhance a sentence meet this definition. Although the State may make its prima facie showing by having defendant admit all of the necessary requirements of the definition in a written plea agreement, the agreement in this case did not satisfy the recent requirements of the Legislature, and the trial court should have determined that the State had not met its burden. *See* NMRA 5–607(E) ("the court shall determine the sufficiency of the evidence, whether or not a motion for directed verdict is made"). If Defendant's 1990 conviction meets the definition of prior felony conviction, the district court must increase his sentence under the habitual offender statute. § 31–18–17(B). Therefore, we remand to the district court for re-sentencing of Defendant consistent with this opinion.

## III. CONCLUSION

{16} The record does not support a finding that less than ten years have passed since Defendant's instant felony conviction and the time Defendant completed serving his sentence, probation or parole for the 1990 felony conviction. *See State v. Fairbanks*, 134 N.M. 783, 787, 82 P.3d 954 (Ct.App.2003) ("New Mexico courts hold that a guilty plea typically constitutes 'conviction' once the court accepts and records it"); NMSA 1978 § 30–1–11 (1963) ("no person shall be convicted of a crime unless found guilty ... upon defendant's confession of guilt ... accepted and recorded in open court"). Because Defendant raised the issue at the time of sentencing and the plea agreement did not satisfy the elements for a prior felony conviction, the State should have made its prima facie showing that the 1990 conviction met the definition of "prior felony conviction" under Section 31–18–17. Therefore, Defendant's sentence is vacated and this case is remanded

for re-sentencing pursuant to Section 31–18–17 consistent with this opinion.

{17} **IT IS SO ORDERED.**

WE CONCUR: RICHARD C. BOSSON, Chief Justice, PAMELA B. MINZNER, PATRICIO M. SERNA, and PETRA JIMENEZ MAES, Justices.