IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

   Plaintiff-Appellee,

v.                                                          NO. 29,119

DAVID MUNOZ,

   Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Stephen Bridgforth, District Judge

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Stephanie Erin Brunson
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Defendant appeals from the judgment and order partially suspending sentence, convicting him, after a jury trial, of burglary of a vehicle and resisting, evading or obstructing an officer. [RP 117] Defendant raises two issues on appeal, contending that (1) there was insufficient evidence for the jury to convict Defendant of burglary

of a vehicle; and (2) there was insufficient evidence for the district court to find Defendant was the same person alleged in the supplemental criminal information. [DS 4, 7] This Court's calendar notice proposed summary affirmance. [Ct. App. File, CN1] Defendant has filed a memorandum in opposition, pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 3-4 (Ct. App. 1985). [Ct. App. File, MIO] Unpersuaded, we affirm.

**DISCUSSION**

**1.	Sufficiency of the Evidence to Support Vehicle Burglary Conviction**

Substantial evidence review requires analysis of whether direct or circumstantial substantial evidence exists and supports a verdict of guilt beyond a reasonable doubt with respect to every element essential for conviction. "We determine whether a rational factfinder could have found that each element of the crime was established beyond a reasonable doubt." *State v. Kent*, 2006-NMCA-134, ¶10, 140 N.M. 606, 145 P.3d 86 (citations omitted). On appeal, the appellate court views the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all reasonable inferences in favor of the verdict. *State v. Apodaca*, 118 N.M. 762, 765-66, 887 P.2d 756, 759-60 (1994).

In this case, the jury was instructed that in order for them to convict Defendant of burglary of a vehicle, the State was required to prove to the satisfaction of the jury

beyond a reasonable doubt each of the following elements of the crime: (1) Defendant entered a vehicle without authorization; (2) Defendant entered the vehicle with the intent to commit a theft when inside; (3) this happened in New Mexico on or about February 9, 2008; and (4) Defendant acted intentionally when he committed the crime. [RP 73, 76] "Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Smith*, 104 N.M. 729, 730, 726 P.2d 883, 884 (Ct. App. 1986).

At trial, the State presented the following evidence in support of the burglary charge. On February 9, 2008, Officer Johnson, who testified at trial [RP 63], was dispatched to Monte Vista street in Doña Ana county, New Mexico, in reference to a report of two suspicious male persons. [RP 31] As the officer approached No. 108 of the Valle Vista apartment complex in his police unit, he noticed a large bundle on the sidewalk behind a vehicle stopped in reverse at this apartment. [Id.] As the officer came close to the vehicle, he noticed a person, later identified as Defendant, on the passenger side below the dash board peeking out to check the on the police unit. [Id.] The passenger door was not completely closed and it was not wide open. [Id.] The officer exited the police vehicle and met Defendant as he was getting out of the vehicle. [Id.] Defendant looked surprised and intoxicated. [Id.] The officer asked Defendant if the vehicle belonged to him and he stated that it did. [Id.] When the

officer asked for identification and to see the registration of the vehicle, however, Defendant stated that he did not have identification and that the vehicle did not belong to him but to a friend, and he could not provide the friend's name. [Id.] The officer noticed that Defendant was looking for an escape route. [Id.] The officer told Defendant he needed to verify the ownership of the vehicle and that he would need to handcuff Defendant while he did so. [RP 31-32] Defendant refused to be handcuffed, ran from the officer, and eventually was apprehended. [RP 32] The owner of the vehicle, Josue Bustamante, testified [RP 63] that he did not know Defendant and that he had never given anyone permission to enter his vehicle, which had been locked and secured prior to Defendant's entry. [Id.]

In the memorandum, Defendant contends that there was no evidence that Defendant entered the car with anything other than innocent motives. [MIO 5] Defendant asserts that he was at a nearby party, where he enjoyed a number of libations and he had gone to his friend's car, in order to retrieve his cigarettes. [Id.] He further contends that the jury could not infer from any stolen items that Defendant had entered the car intending to steal, because no stolen items were ever recovered. [MIO 5-6] We are not persuaded.

We hold that the State presented substantial evidence to support the jury's decision to convict Defendant of burglary of a vehicle. Although Defendant

4

contended that the owner of the vehicle had given him permission to enter it to get some cigarettes, Defendant did not know the name of the owner of the vehicle and could not accurately describe him. [Id.] Defendant also contended that he ran because he knew he had outstanding warrants and did not want to go to jail. [Id.] Defendant could not explain how the trunk of the vehicle was unlocked or how the bundle behind the vehicle got there. [Id.] Given the officer's and the owner's testimony, the jury was not required to believe Defendant's version of the events. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts."); *see also State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 ("The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict.").

We affirm Defendant's conviction for burglary of a vehicle.

**2.      Sufficiency of the Evidence to Support the Supplemental Criminal Information**

Once the State presents a prima facie case showing identity, prior conviction, and timing, the burden to present proof of invalidity will shift to the defendant, and he will be required to produce evidence in support of his defense. *State v. Simmons*, 2006-NMSC-044, ¶ 13, 140 N.M. 311, 142 P.3d 899. "The burden of making a prima

facie case is not onerous on the [s]tate." *Id.* ¶ 14.

In this case, the State presented documents reflecting three prior convictions within the past ten years, with photos of Defendant, and including his date of birth and social security number. [DS 4] Under the circumstances, we hold that the State presented a prima facie case showing identity, prior conviction, and timing, and therefore, the burden to present proof of invalidity shifted to Defendant. While Defendant denied being the person having these convictions, he produced no evidence in support of this defense. Moreover, while Defendant argued that the State's documents were lacking in foundation, Defendant was unable to explain why the birth dates and social security numbers on the documents matched his own. [Id., MIO 6] *See State v. Elliott*, 2001-NMCA-108, ¶ 35, 131 N.M. 390, 37 P.3d 107 (stating that "[t]he standard of proof applicable to the establishment of a prior felony conviction for the purpose of a habitual offender enhancement . . . is preponderance of the evidence."). Defendant did not sustain his burden to produce evidence to invalidate the State's showing.

We affirm the district court's decision to attribute the three prior convictions as belonging to this Defendant.

**CONCLUSION**

6

We affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**MICHAEL E. VIGIL, Judge**

7