This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                **NO. 33,567**

**MICHAEL HARDY,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. Shoobridge, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Jane A. Bernstein, Assistant Attorney General
Albuquerque, NM

for Appellee

The Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Sergio Viscoli, Appellate Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE Judge.**

{1}    Defendant appealed from the district court's enhancement of his sentence by four years under the Habitual Offender Act, NMSA 1978, Section 31-18-17 (2003), arguing that his "state jail felony" from Texas was an enhanced misdemeanor offense that was improperly used as a prior felony conviction. [DS 3] Defendant did not provide this Court with any of the information necessary to review this issue; and therefore, we issued a notice of proposed summary disposition, proposing to affirm. In response to our notice, Defendant filed a thorough and persuasive memorandum in opposition and supplemented the record proper with a copy of his Texas, third offense theft, "state felony" conviction. We issued a second notice of proposed summary disposition, proposing to reverse and remand for resentencing proceedings on Defendant's objection to the use of this conviction for habitual enhancement purposes. The State has filed a response to our second notice, opposing our second proposed disposition or, in the alternative, not objecting to remand to the district court for a hearing on the meaning and effect of the challenged proper conviction and its usability for enhancement purposes. [State's MIO 4] We are not persuaded by the State's arguments in opposition to our analysis proposing reversal. We, therefore, reverse and remand.

{2}      Our second notice proposed to hold that the State may not have made a prima facie showing that Defendant's theft-third offense, "state jail felony" conviction was a prior felony conviction for purposes of Section 31-18-17. We based this proposed holding on the following. The State's exhibit, presented to support enhancement, was a copy of Defendant's conviction for theft, a "state jail felony," and it does not contain any explanation about the offense or the meaning of the "state jail felony" as a degree of the offense of theft. The plea agreement, the other document used to support enhancement, listed the theft as a prior felony conviction, and it also does not provide any explanation about the offense. [RP 142] We observed that New Mexico statutes do not contain a degree of offense provision akin to a "state jail felony." Thus, the form judgment from the conviction and a mere reference to the conviction in the plea agreement without further explanation [RP 142] did not present a prima facie showing, even with the plea agreement's provision including Defendant's admission of his identity, the date of occurrence for the conviction, and the vague admission of the conviction's validity. *See State v. Simmons*, 2006-NMSC-044, ¶¶ 11, 15, 140 N.M. 311, 142 P.3d 899 (holding that a defendant's admissions in the plea agreement may satisfy the State's burden, if the State provides proof that all the statutory elements of Section 31-18-17 are met: the defendant's identity, the defendant's conviction for a prior *felony*, and less than ten years have passed since the defendant completed service

of the sentence, probation or parole for that conviction (emphasis added)). We further observed that the judgment of conviction from Texas states that Defendant's "state jail felony" was a degree of the offense of third offense theft, and his sentence was for sixty days in county jail. [*See* Supp. RP Exhibit] We noted that these facts taken from the face of the form judgment may also provide additional reason to believe that further explanation about the conviction may have been required. We surmised that the State could have provided the district court with a copy of the statutory provision cited in the form judgment. Just as the *Simmons* Court did not believe that requiring proof of the defendant's completion of his sentence was an onerous burden, we expressed concern that requiring proof of the Texas law—indicating that the third offense theft termed a "state felony conviction" was, in fact, a felony—would not be an onerous burden on the State. *See Simmons*, 2006-NMSC-044, ¶ 14.

**{3}** We further pointed out that the State has the ultimate burden of persuading the district court that the convictions are valid and could properly enhance a sentence. *See, e.g.*, *State v. O'Neil*, 1978-NMCA-056, 91 N.M. 727, 580 P.2d 495, ¶¶ 9-10. We also noted that it is the district court's obligation to ensure that the State meets this burden. *See Simmons*, 2006-NMSC-044, ¶ 15 (citing Rule 5-607(E) NMRA ("[T]he court shall determine the sufficiency of the evidence, whether or not a motion for directed verdict is made[.]")). Given the scant evidence presented by the State, it appeared to

us that the district court should have inquired further into the nature of the offense the State used to enhance Defendant's sentence.

{4} The State has offered no argument suggesting that the State's evidence was sufficient to present a prima facie showing that Defendant was convicted of a useable offense. Nor did the State present any argument to us that the district court satisfied its obligation to ensure that the State presented sufficient evidence. *See Simmons*, 2006-NMSC-044, ¶ 15 (citing Rule 5-607(E)). Instead, the State seems to present its first detailed argument to this Court to make its case that Defendant's "state jail felony" is a felony that may be used to enhance Defendant's sentence under New Mexico law. [State's MIO 4-10] The State needed to present these arguments to the district court—the sentencing court.

{5} Our notice also contained an alternative proposed analysis. We proposed to hold that, even if the State presented a prima facie case, under the circumstances of this case, the district court appeared to have wrongfully denied Defendant an opportunity to rebut the State's showing. We observed that Defendant represented to this Court that he complained in district court that his theft conviction was actually a misdemeanor, not a felony; and thus, he placed the validity of its use at issue. [DS 2-3, 8] *See O'Neil*, 1978-NMCA-056, ¶ 10 (establishing that the prosecution has the burden of making a prima facie showing that the prior conviction may be used to

enhance a sentence, then if the defendant challenges the validity of the prior conviction as a defense to enhancement, the burden shifts to the defendant to produce evidence and argument in support of his defense). We proposed to hold that once the burden shifted to Defendant, the district court prevented him from proving his defense and meeting his burden of rebutting the State's case by not granting him a habitual offender proceeding or other opportunity to be heard. *See Simmons*, 2006-NMSC-044, ¶ 13 (stating that "Once the [s]tate presents a prima facie case showing identity, prior conviction, and timing, the burden to present proof of invalidity will shift to the defendant, and he will be required to produce evidence in support of his defense."). Because this appeared contrary to our case law establishing the process due a defendant who faces enhancement, we proposed to reverse and remand on these grounds, also.

{6}     In response to our notice, the State represents that during Defendant's arraignment on the supplemental criminal information for habitual offender enhancement, Defendant admitted his identity, but also challenged the use of two "state jail" felonies for enhancement purposes. [State's MIO 3 n.1] The State represents that Defendant muttered his objection, however, and the prosecutor was not sure what Defendant said, doubts that the district court heard what Defendant said, and questions whether Defendant's objection was picked up by the record. [Id.]

{7}     The State's response does not suggest to us that Defendant was permitted an opportunity to rebut the State's showing, even presuming the State's showing was sufficient to make a prima facie case for enhancement.

{8}     For the reasons set forth in our second notice and in this opinion, we reverse and remand for further sentencing proceedings in district court.

{9}     **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____
**TIMOTHY L. GARCIA, Judge**

7