This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **No. A-1-CA-36680**

**MISTY A. MARTINEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Meryl Francolini, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
David Henderson, Appellate Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant appeals her convictions for resisting, evading, or obstructing an officer and battery on a peace officer. We issued a notice of proposed summary disposition proposing to affirm in part and reverse in part on January 5, 2018. Both Defendant and the State have filed timely memoranda in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm in part and reverse in part for the reasons stated below.

**DISCUSSION**

{2}     We begin with Defendant's argument that her convictions for both resisting, evading, or obstructing and battery on a peace officer violate double jeopardy because they were based on unitary conduct. Double jeopardy challenges are constitutional questions of law that we review de novo. *See State v. Melendrez*, 2014-NMCA-062, ¶ 5, 326 P.3d 1126. Defendant's argument raises a "double description" double jeopardy challenge. *See State v. Lucero*, 2015-NMCA-040, ¶ 21, 346 P.3d 1175 (noting that where a defendant challenges two convictions under different statutes for what he contends is the same conduct, it raises a double description challenge). In analyzing a double description claim, "[w]e first consider whether the conduct underlying the offenses is in fact the same, or unitary." *Id.* ¶ 21. "To determine whether a defendant's conduct was unitary, we consider such factors as whether the

acts were close in time and space, their similarity, the sequence in which they occurred, whether other events intervened, and a defendant's goals for and mental state during each act." *State v. Ford*, 2007-NMCA-052, ¶ 12, 141 N.M. 512, 157 P.3d 77.

{3}     Both Defendant and the State acknowledge the following facts. When Defendant came to the scene and walked up to the ambulance, she did not comply with Officer Hanna's instruction to move away from the ambulance door. [State's MIO 3; Defendant's MIO 2] Officer Hanna then moved toward Defendant and tried to grab her to pull her away from the ambulance. Defendant jerked her arm away and moved closer to the ambulance, turning her back on Officer Hanna. [State's MIO 3; Defendant's MIO 2] Officer Hanna then grabbed Defendant by her shoulder or wrist, at which point Defendant turned and shoved him and began screaming obscenities. [State's MIO 3-4; Defendant's MIO 2] This conduct formed the basis of the resisting, evading or obstructing conviction and the conviction for battery on a peace officer.

{4}     Applying the relevant factors, we remain of the opinion that Defendant's conduct was unitary. Defendant's acts were not separated by time or space, and Defendant appears to have had the same objective throughout, i.e., to avoid interacting with Officer Hanna and remain next to the ambulance door. *See State v. Lefebre*, 2001-NMCA-009, ¶ 17, 130 N.M. 130, 19 P.3d 825 (stating that the "conduct is

unitary if it is not sufficiently separated by time or place, and the object and result or quality and nature of the acts cannot be distinguished"); *see also State v. Montoya*, 2011-NMCA-074, ¶ 31, 150 N.M. 415, 259 P.3d 820 (stating that the "[c]onduct is not unitary if sufficient indicia of distinctness separate the transaction into several acts" (internal quotation marks and citation omitted)).

{5}     The State acknowledges in its memorandum in opposition that there was little separation in time or distance between Defendant's initial resistance of Officer Hanna and the subsequent battery on him. [State's MIO 6] However, the State argues that Defendant's intent changed from physical resistance to engaging in a physical confrontation with the officer out of anger. *See State v. Lopez*, 2008-NMCA-111, ¶ 10, 144 N.M. 705, 191 P.3d 563 (determining that the defendant's convictions for resisting, evading, or obstructing and battery on a peace officer were based on non-unitary conduct). [State's MIO 6-7] The State emphasizes that Defendant shoved Officer Hanna as she was walking away from the ambulance and that after shoving him, she tried to incite Officer Hanna to use force against her. [State's MIO 7]

{6}     We are not persuaded, by the State's attempt to analogize the facts in this case to those in *Lopez*. In *Lopez*, the defendant's initial act of fleeing the officer "was punctuated by a distinct change in character and quality when he stopped fleeing, turned toward the officer in an attack posture, came back to the officer, and punched

4

him twice in the face, drawing blood." *Id.* ¶ 10. We held that the defendant's conduct was non-unitary because the defendant's act of fleeing changed distinctly in character and quality when the defendant stopped fleeing and came back to where the officer was to punch him in the face. We also found it significant that the defendant's act of fleeing was of a protracted nature. *Id.* ¶ 12. In contrast, in this case, Defendant's initial resistance and her subsequent act of pushing Officer Hanna occurred within a single episode with no intervening event or significant break between the actions. Although Defendant's immediate physical response changed and escalated after the second time Officer Hanna touched her, Defendant's overarching objective throughout the episode appears to have been to prevent Officer Hanna from removing her from the ambulance door. For these reasons, we conclude that Defendant's conduct was unitary.

**{7}** Having determined that Defendant's conduct was unitary, "we next determine whether the Legislature intended to create separately punishable offenses for the same conduct." *State v. Demongey*, 2008-NMCA-066, ¶ 18, 144 N.M. 333, 187 P.3d 679. Legislative intent with respect to the offenses of resisting, evading and obstructing, and battery on a peace officer was evaluated by this Court in *Ford*. Comparing the applicable statutory provisions, which are the same as at issue in this case, this Court observed that the elements of the former are subsumed within the elements of the latter. *See Ford*, 2007-NMCA-052, ¶¶ 18-21. Since the elements of resisting are

subsumed within the elements of battery on a peace officer, our inquiry is at an end. *See State v. Lee*, 2009-NMCA-075, ¶ 9, 146 N.M. 605, 213 P.3d 509 (observing that "[i]f . . . one statute is subsumed within the other, the inquiry is over and the statutes are the same for double jeopardy purposes—punishment cannot be had for both" (internal quotation marks and citation omitted)). We therefore hold that Defendant's right to be free from double jeopardy was violated by her convictions for both resisting, evading and obstructing and battery on a peace officer.

{8}   Defendant next argues that the evidence was insufficient to support her conviction for battery on a peace officer. We disagree. The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Torrez*, 2013-NMSC-034, ¶ 40, 305 P.3d 944 (internal quotation marks and citation omitted). "Substantial evidence is that which a reasonable mind accepts as adequate to support a conclusion." *State v. Huerta-Castro*, 2017-NMCA-026, ¶ 24, 390 P.3d 185. "This Court evaluates the sufficiency of the evidence in a criminal case by viewing the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all permissible inferences in favor of upholding the conviction, and disregarding all evidence and inferences to the contrary." *State v. Trujillo*, 2012-NMCA-092, ¶ 5, 287 P.3d 344.

{9} Defendant continues to argue that when she pushed Officer Hanna, she was simply reacting to being grabbed from behind and that she did not consciously perform the act or realize that she was pushing the officer away. [Defendant's MIO 13] Accordingly, Defendant argues that the State failed to present sufficient evidence that she acted intentionally or with the requisite knowledge to commit battery on a peace officer. [Defendant's MIO 13] *See* UJI 14-141 NMRA (stating that to prove general criminal intent, the state must show that the defendant acted intentionally when committing the crime, and that a person acts intentionally when she purposely does an act, which the law declares to be a crime); *State v. Skippings*, 2011-NMSC-021, ¶ 14, 150 N.M. 216, 258 P.3d 1008 (noting that battery is a general intent crime requiring that the perpetrator possess general criminal intent to touch or apply force to the person of another).

{10} We continue to believe, however, that the district court's finding that Defendant intentionally touched or applied force to Officer Hanna was supported by the evidence. [RP 136] *See State v. Kendall*, 1977-NMCA-002, ¶ 20, 90 N.M. 236, 561 P.2d 935 (stating that "[t]he existence . . . of general criminal intent is a question of fact for the [fact-finder]"), *rev'd in part on other grounds*, 1977-NMSC-015, 90 N.M. 191, 561 P.2d 464. The district court was not required to accept Defendant's testimony that she did not act intentionally when she shoved Officer Hanna. *See State*

*v. Hughey*, 2007-NMSC-036, ¶ 16, 142 N.M. 83, 163 P.3d 470 ("It is the role of the fact[-]finder to judge the credibility of witnesses and determine the weight of evidence."); *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (recognizing that the "fact[-]finder may reject [the] defendant's version of the incident"). Additionally, the State presented evidence to show that before shoving Officer Hanna, Defendant refused his attempts to speak to her and did not comply with his instructions to move away from the ambulance door. [State's MIO 3; Defendant's MIO 2; RP 127-128, 134] When Officer Hanna grabbed her by the shoulder, Defendant turned and shoved him with both her hands and began screaming obscenities at him. [State's MIO 3; Defendant's MIO 2; RP 128] This evidence is sufficient to support the district court's finding that Defendant acted intentionally when she shoved Officer Hanna. *See* UJI 14-141 (stating that whether the defendant acted intentionally may be inferred from all of the surrounding circumstances, such as the manner in which she acts, the means used, and her conduct and any statements made by her).

{11} Finally, Defendant argues that the evidence was insufficient to prove that she had prior convictions for habitual offender sentencing purposes. [Defendant's MIO 10-12] "We review the sufficiency of the evidence presented in habitual offender proceedings under a substantial evidence standard of review." *State v. Bailey*,

2008-NMCA-084, ¶ 23, 144 N.M. 279, 186 P.3d 908. "Substantial evidence is that which is acceptable to a reasonable mind as adequate support for a conclusion." *State v. Sanchez*, 2001-NMCA-109, ¶ 14, 131 N.M. 355, 36 P.3d 446. In order to support a habitual offender enhancement, the State must make a prima facie showing, by a preponderance of the evidence, that: "(1) the defendant is the same person, (2) the defendant has been convicted of the prior felon[ies], and (3) less than ten years has passed since the defendant completed serving the sentence, probation, or parole." *State v. Clements*, 2009-NMCA-085, ¶ 22, 146 N.M. 745, 215 P.3d 54. Once the State makes a prima facie showing, the burden of proof shifts to the defendant. *See State v. Simmons*, 2006-NMSC-044, ¶ 13, 140 N.M. 311, 142 P.3d 899.

{12}     To prove Defendant's identity as the person convicted of the prior felonies, the State introduced three certified copies of judgments and sentences, two from New Mexico and one from California. The judgments accurately reflected Defendant's name and date of birth. [Defendant's MIO 4] One of the New Mexico judgments contained Defendant's social security number. [RP 175] The New Mexico judgments were from 2007 and 2009 and indicated that Defendant had been convicted of trafficking methamphetamine and possession of methamphetamine, and one referred to the other. [RP 90, 92] The California judgment from 2014 indicated that Defendant was convicted of possession of methamphetamine. [Defendant's MIO 4] Additionally,

Defendant admitted at trial that she was a convicted felon. [RP 134] This evidence is sufficient to meet the State's burden to establish a prima facie case. *See State v. Godoy*, 2012-NMCA-084, ¶ 25, 284 P.3d 410 (recognizing that the state made a prima facie case to show prior felony convictions by introducing authenticated copies of prior convictions that occurred within the past ten years).

{13}    Defendant continues to argue that the documents were insufficient because they did not contain fingerprints or photographs, citing to *Clements* in support of this argument. [Defendant's MIO 11] However, as we discussed in the notice of proposed summary disposition, the absence of such evidence in *Clements* was significant because the judgments upon which the State relied did not reflect exactly the same name and contained no other identifying information such as birth date. *See* 2009-NMCA-085, ¶ 20. Under those circumstances we determined that the State's "reliance on a three-page judgment that simply stated a name similar to [the d]efendant's name and nothing else" was insufficient to make a prima facie showing. *Id.* ¶ 29. In this case, however, the certified copies of the judgments accurately reflected both Defendant's name and her date of birth. One of the judgments also contained her social security number. In light of this showing, additional evidence such as fingerprints or photographs was not necessary.

{14}     For these reasons, we affirm Defendant's conviction for battery on a peace officer and vacate her conviction for resisting, evading, and obstructing. We also affirm Defendant's habitual offender sentence.

{15}     **IT IS SO ORDERED**.

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**HENRY M. BOHNHOFF, Judge**

_____
**EMIL J. KIEHNE, Judge**