This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37324**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**CHRISTOPHER T. RODRIGUEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett R. Loveless, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Margaret Crabb, Assistant Attorney General
John J. Woykovsky, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Gregory B. Dawkins, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**M. ZAMORA, Judge.**

**{1}** Defendant Christopher Rodriguez appeals the district court's order finding that Defendant was "not amenable to treatment or rehabilitation as a child in available facilities," pursuant to NMSA 1978, Section 32A-2-20(B)(1) (2009). Because Defendant stipulated to the waiver of his right to appeal as part of his voluntary plea and disposition agreement, we dismiss his appeal.

**BACKGROUND**

**{2}**     Defendant voluntarily pled guilty to one count of aggravated burglary (deadly weapon), pursuant to NMSA 1978, Section 30-16-4(A) and NMSA 1978, Section 31-18-16 (1993); two counts of conspiracy to commit aggravated burglary (deadly weapon), pursuant to NMSA 1978, Section 30-28-2 (1979) and Section 30-16-4(A); one count of unauthorized use of the card of another, pursuant to NMSA 1978, Section 58-16-16(B) (1990); three counts of residential burglary, pursuant to NMSA 1978, Section 30-16-3(A) (1971); and two counts of auto burglary, pursuant to Section 30-16-3(B).

**{3}**     The plea and disposition agreement also contains stipulations. Within these stipulations is a waiver of defenses and the right to appeal which states:

> Unless this plea is rejected or withdrawn, [D]efendant gives up all motions, defenses, objections, or requests[,] which he has made or could make concerning the [c]ourt's entry of judgment against him if that judgment is consistent with this agreement. [D]efendant *specifically waives his right to appeal as long as the court's sentence is imposed according to the terms of this agreement*. (Emphasis added.)

**{4}**     The pertinent terms of the plea and disposition agreement we consider are the sentencing agreement and the term of potential incarceration. The sentencing agreement states in pertinent part:

> All [c]ounts shall be served consecutively to each other for a total sentence of thirty-one and one-half (31 ½) years. Some of the charges make [D]efendant a "youthful offender,["] therefore an amenability hearing will need to be held to determine whether [D]efendant will receive a juvenile or adult sentence.

> The potential incarceration term states:

> If the court accepts this agreement, [D]efendant will be ordered to serve a period of incarceration up to thirty-one and one-half (31 ½) years. [D]efendant may also be ordered to serve a period of probation. If [D]efendant later violates that probation, he may be incarcerated for the balance of the sentence.

**{5}**     Defendant acknowledged that he read and understood the plea and disposition agreement; and that he "agree[d] to enter [his] plea according to the terms and conditions set forth in th[e] agreement[,]" by signing and dating it. Defendant's attorney also acknowledged, by signing and dating the agreement, that he discussed the case in detail with Defendant, advised Defendant of his constitutional rights, believed the plea and disposition was appropriate, and agreed with the terms and conditions of plea as outlined in the agreement. The prosecutor reviewed the agreement, agreed it was

appropriate, and also signed and dated it. The district court judge signed the agreement noting its approval.

**{6}** Following a hearing, the district court entered an order finding that Defendant was not amenable to treatment as a child and was therefore subject to an adult sentence in accordance with Section 32A-2-20(A), (B). The district court sentenced Defendant to the custody of the Department of Corrections for a term of thirty-one years and six months. The district court also suspended seventeen years and six months, resulting in an actual sentence of imprisonment of fourteen years. While Defendant's appeal challenges the district court's conclusion that he is not amenable to treatment, we must first address whether Defendant has waived his right to an appeal.

## DISCUSSION

**{7}** Appellate courts review the issue of waiver de novo. *Concerned Residents of Santa Fe N., Inc. v. Santa Fe Estates, Inc.*, 2008-NMCA-042, ¶ 22, 143 N.M. 811, 182 P.3d 794. "[A] plea agreement is simply a contract between the [s]tate and [the] accused that affects the rights of the parties[.] *State v. Rudy B.*, 2010-NMSC-045, ¶ 13, 149 N.M. 22, 243 P.3d 726. The State and Defendant are free "to negotiate the terms of a plea agreement to the full extent allowed by law." *State v. Mares*, 1994-NMSC-123, ¶ 11, 119 N.M. 48, 888 P.2d 930. It is binding on the parties, *State v. Simmons*, 2006-NMSC-044, ¶ 12, 140 N.M. 311, 142 P.3d 899, and "the terms of [the plea agreement] must be interpreted, understood, and approved by the [district] court." *Mares*, 1994-NMSC-123, ¶ 12. "[W]hen a plea of guilty is made voluntarily after proper advice of counsel and with a full understanding of the consequences, the plea is binding." *State v. Robbins*, 1967-NMSC-091, ¶ 19, 77 N.M. 644, 427 P.2d 10.

**{8}** In order to determine whether this Court can consider Defendant's appeal, we look to the terms set forth in the stipulated waiver of defenses and appeal and determine whether the district court's sentence was imposed according to the terms of the agreement. As the State notes, Defendant's sentence of thirty-one and one-half years was consistent with the terms of his plea agreement. The State argues that Defendant has "failed to raise any claims beyond the waiver's scope."[1] We agree.

**{9}** Because this term of the provision was satisfied, the stipulated waiver of defenses and appeal is binding on the parties thereby precluding any appellate review of Defendant's appeal. *See Simmons*, 2006-NMSC-044, ¶ 12 (concluding plea agreements are binding on the parties). This ruling, however, does not preclude Defendant from raising his appellate issue via habeas corpus proceedings. *See* Rule 5-802 NMRA.

## CONCLUSON

**{10}** Based on the foregoing, we dismiss this appeal.

---

1Defendant did not address the stipulated waiver of his right to appeal in any of his briefing.

**{11}** IT IS SO ORDERED.

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**JACQUELINE R. MEDINA, Judge**