This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40802**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**PATRICK LEE COOPER,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**John P. Sugg, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Michael J. Thomas, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}** This matter was submitted to this Court on Defendant's brief in chief, pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, this Court

assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer brief, and reply brief, we affirm for the following reasons.

**{2}** Defendant appeals from the district court's judgment and sentence, convicting him of aggravated fleeing a law enforcement officer and speeding. [RP 211-16] The district court sentenced Defendant as a habitual offender to eighteen months in prison, enhanced by eight years based on three prior felony convictions in Texas. [RP 176-77, 211, 213] On appeal, Defendant contends that the district court erred by enhancing his sentence under the habitual offender statute because the State failed to prove the timeliness of one of Defendant's Texas convictions [BIC 1, 6-12] and his admission to the supplemental criminal information was not knowing and intelligent [BIC 1, 12-14]. Defendant also contends that he was denied the effective assistance of counsel. [BIC 1, 14-15]

**{3}** The habitual offender statute states that a prior felony conviction can enhance a sentence "when less than ten years have passed . . . since the person completed serving his sentence or period of probation or parole for the prior felony, whichever is later." NMSA 1978, § 31-18-17(D)(2) (2003). The statute requires proof that "(1) [the] defendant [is] the same person, (2) convicted of the prior felony, and (3) less than ten years have passed since the defendant completed serving his or her sentence, probation or parole for the conviction." *State v. Simmons*, 2006-NMSC-044, ¶ 8, 140 N.M. 311, 142 P.3d 899. The burden of proof is on the state to establish the three elements described above by a preponderance of the evidence. *Id.* ¶ 10. Our courts have held that the state is required to present a prima facie case of the defendant's habitual offender status with proof of the defendant's prior felony convictions entered into the record, unless the defendant stipulates to the proof or the proof is otherwise waived by the defendant. *See State v. Lopez*, 2009-NMCA-127, ¶ 43, 147 N.M. 364, 223 P.3d 361 ("[R]ecords of prior convictions must be properly admitted into the record and available for review on appeal, unless such proof is stipulated to or otherwise waived by [the d]efendant."); *Simmons*, 2006-NMSC-044, ¶ 15 (holding that the state may satisfy its burden to make a prima facie showing where the defendant validly admits the existence of all the necessary requirements for sentence enhancement).

**{4}** At the sentencing hearing in the current case, Defendant admitted to the validity of his three prior felony convictions in Texas for sentence enhancement purposes and waived his right to a separate hearing on the matter. [AB 3-4] Because Defendant agreed that the three felony convictions listed in the supplemental criminal information could be used to enhance his sentence and waived a hearing on the matter, the State did not need to proceed to prove that Defendant's prior felony convictions could be used to enhance his sentence under Section 31-18-17(D). *See Lopez*, 2009-NMCA-127, ¶ 43; *Simmons*, 2006-NMSC-044, ¶ 15. More specific to Defendant's argument on appeal, the State did not need to produce evidence that Defendant was still serving his sentence on the April 5, 2012, felony conviction within ten years of Defendant's July 25, 2022, conviction. [RP 176] Thus, we do not address Defendant's argument that the State presented insufficient proof that the 2012 conviction was timely under Section 31-18-17(D)(2). [BIC 6-12]

**{5}**     Instead, we turn to Defendant's argument that his admission to the supplemental criminal information was not knowing and intelligent because the district court's colloquy is inadequate. [BIC 12-14] "In order for a waiver to be knowing and intelligent, it must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *State v. Barreras*, 2001-NMSC-014, ¶ 28, 130 N.M. 227, 22 P.3d 1177.

**{6}**     Defendant contends his admissions and waiver were not knowing and intelligent because the district court focused its questioning of Defendant on whether he was admitting to being the person convicted of the prior felonies and did not specifically ask him about the timeliness of the prior convictions. [BIC 13] He also complains that the district court did not inform him of the presumption that convictions over ten years old were unusable for enhancement. [BIC 13]

**{7}**     Defendant does not refer us to any authority to support the existence of a presumption that convictions over ten years old cannot be used to enhance a sentence, and we are not aware of any such presumption. The habitual offender statute clearly contemplates that a sentence will be enhanced by a prior felony conviction that is over ten years old where the defendant was still serving his sentence within ten years of the current conviction. *See* § 31-18-17(D)(2) (providing for the use of prior felonies to enhance a sentence when less than ten years have passed since the defendant "completed serving his sentence or period of probation or parole for the prior felony, whichever is later"); *see also State v. Brown*, 2003-NMCA-110, ¶ 26, 134 N.M. 356, 76 P.3d 1113 (emphasizing that the statute looks at the last of either the sentence or probation or parole for the conviction and does not calculate the time by the date of the conviction). Because there is no presumption that Defendant's 2012 felony conviction could not be used to enhance his sentence under Section 31-18-17(D)(2), the failure to inform Defendant of such a presumption does not render his waiver unknowing or the district court's colloquy inadequate.

**{8}**     Additionally, even if the district court focused its questioning on whether Defendant was admitting to his identity for the prior felony convictions, the district court did not fail to explain to Defendant what his admissions and waiver would encompass. The district court specifically explained to Defendant that the State had the burden of proving three things, including "that less than ten years have passed since the completion of your sentence as to each of those felonies [listed in the supplemental criminal information]." [AB 4; BIC 3] The district court then asked if it was Defendant's intention to waive the hearing where the State would be required to prove the allegations in the supplemental criminal information. [BIC 4; AB 4] Defendant answered, "Yes sir." [BIC 4; AB 4] Defendant also expressly admitted to the valid use of each of the three prior felonies for enhancement purposes. [AB 7] The district court explained several times that Defendant was entitled to a separate hearing on the use of the prior felony convictions for enhancement. [AB 2] Defendant consulted with his attorney in a separate conference room during the sentencing hearing before making his admissions and waiving a hearing on the priors. [AB 2-3] The district court found Defendant's

admissions and waiver to have been knowingly, intelligently, and voluntarily given. [BIC 4] Nothing in the record suggests otherwise.

**{9}** There is no indication that the district court stated anything inaccurate or misleading about the State's burden or Defendant's waiver and admissions. *Cf. Simmons*, 2006-NMSC-044, ¶¶ 15-16 (vacating the defendant's enhanced sentence on grounds that the state did not make its prima facie showing by obtaining a valid admission to all the necessary requirements of Section 31-18-17(B), where the plea agreement did not include an admission that the defendant was serving his sentence on a prior felony conviction within the last ten years and where the defendant raised the issue at the time of sentencing). There is no indication that Defendant was confused at the sentencing hearing. Defendant has never contended that his 2012 conviction was, in fact, unusable for enhancement purposes. And, most notably, Defendant did not contest his admissions or file a motion to withdraw his waiver or admissions for lack of information or for any other reason. As a result, Defendant has not preserved the claim he raises on appeal, and there is no record to support Defendant's contention that his admissions and waiver were unknowing or unintelligently given. *Cf. State v. Dominguez*, 2007-NMSC-060, ¶ 14, 142 N.M. 811, 171 P.3d 750 (affirming the defendant's conviction on grounds that the defendant did not contest his plea or seek to withdraw it and therefore "failed to properly preserve any issue arising from that plea for appellate review"), *holding modified on other grounds by State v. Garcia*, 2011-NMSC-003, ¶ 14, 149 N.M. 185, 246 P.3d 1057.

**{10}** Preservation requirements are designed to require the development of facts in the trial court, allow the trial court to correct any mistake, and to give the opposing party a fair opportunity to respond. *See State v. Gomez*, 1997-NMSC-006, ¶ 29, 122 N.M. 777, 932 P.2d 1. Even in cases with issues that may be raised at any time or for the first time on appeal, our appellate courts will only address the merits where the record supports the issues raised. *See, e.g., State v. Lewis*, 2017-NMCA-056, ¶ 13, 399 P.3d 954 (observing that although a double jeopardy challenge need not be preserved and may be raised at any time, there must be a factual basis in the record to support the claim); *see also State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 (explaining that a claim that counsel was ineffective may be raised for the first time on appeal, but it must be shown on the record). Because the record in this case shows that the district court made clear and accurate statements to Defendant about the State's burden, what Defendant was waiving, and the consequences of his waiver and because Defendant consulted with his attorney and did not express any signs of confusion or hesitation in his admissions and waiver, Defendant's failure to contest his admissions and waiver has resulted in a record that lacks factual support for his claim that his admissions were not knowing and intelligent. *See State v. Jim*, 1988-NMCA-092, ¶ 3, 107 N.M. 779, 765 P.2d 195 ("It is [the appellant's] burden to bring up a record sufficient for review of the issues [raised] on appeal."). For these reasons, we affirm Defendant's enhanced sentence.

**{11}** Lastly, Defendant contends he was denied the effective assistance of counsel. [BIC 14-15] Defendant acknowledges that he bears the burden of establishing that his

counsel's performance was deficient and that he suffered prejudice as a result of the deficiency. [BIC 14] *See Roybal*, 2002-NMSC-027, ¶ 19. He also acknowledges that the facts in the record must support a claim for ineffective assistance of counsel and that the record in the current case does not contain adequate details about whether Defendant was properly counseled. [BIC 14] *See id.* ("If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition."). Defendant concedes that his claim is better resolved in habeas proceedings. [BIC 14] We agree and leave this matter for any collateral post-conviction proceeding Defendant may pursue.

{12}    Based on the foregoing, we affirm the district court's judgment and sentence.

{13}    **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**GERALD E. BACA, Judge**