This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                        **No. 35,057**

**GREGORY A. WOOD,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1} Defendant appeals from a judgment and sentence entered after he pled no contest to trafficking methamphetamine, possession of drug paraphernalia, and possession of marijuana or synthetic cannabinoids. [RP 128–29] We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition and a motion to amend the docketing statement. For the reasons discussed below, the motion to amend is denied. We affirm the judgment and sentence.

**MOTION TO AMEND**

{2} Defendant has filed a motion to amend the docketing statement to add a new issue. [MIO 2] In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

{3}     Here, Defendant claims that trial counsel was ineffective for failing to place evidence into the record that would have supported his argument that his prior auto burglary could not be used to enhance his sentence. As we explain below, the absence of a record to support Defendant's claim prevents this Court from addressing the merits, and we believe that it should be addressed in a collateral proceeding. *See State v. Telles*, 1999-NMCA-013, ¶ 25, 126 N.M. 593, 973 P.2d 845; *State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (stating that "[t]his Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel"); *see also State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776 ("A record on appeal that provides a basis for remanding to the trial court for an evidentiary hearing on ineffective assistance of counsel is rare. Ordinarily, such claims are heard on petition for writ of habeas corpus."). As such, we conclude that the issue in the motion to amend is not viable.

**PRIOR CONVICTION**

{4}     Defendant continues to challenge the use of one of two prior convictions used to enhance his sentence. [MIO 3] That prior felony was for auto burglary. [RP 106] Defendant argues that the predicate facts were similar to *State v. Office of Public*

3

*Defender ex rel. Muqqddin*, 2012-NMSC-029, ¶ 54, 285 P.3d 622, where the Supreme Court reversed on sufficiency grounds.

{5} "The standard of proof for the State's evidence is a preponderance of the evidence." *State v. Simmons*, 2006-NMSC-044, ¶ 10, 140 N.M. 311, 142 P.3d 899. The State must prove "(1) defendant must be the same person, (2) convicted of the prior felony, and (3) less than ten years have passed since the defendant completed serving his or her sentence, probation or parole for the conviction." *Id.* ¶ 8. "Once the State presents a prima facie case showing identity, prior conviction, and timing, the burden to present proof of invalidity will shift to the defendant, and he will be required to produce evidence in support of his defense. *Id.* ¶ 13.

{6} Here, the record indicates that the State made a prima facie showing, thus shifting the burden to Defendant. [RP 106] Although Defendant continues to claim that the challenged prior conviction was factually similar to *Muqqddin*, he has not established that he made the requisite evidentiary showing below, as opposed to simply relying on argument of counsel, which is not evidence. *See State v. Cordova*, 2014-NMCA-081, ¶ 10, 331 P.3d 980 ("Argument of counsel is not evidence."). Accordingly, like Defendant's issue in his motion to amend, we believe that Defendant must pursue this claim in a habeas proceeding after placing the referenced

4

evidence on the record. *See State v. Martin*, 1984-NMSC-077, ¶ 53, 101 N.M. 595, 686 P.2d 937 (stating that matters not of record are not reviewable on appeal).

**MOTION TO WITHDRAW PLEA**

{8}     Pursuant to *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982 and *State v. Boyer*, 1985-NMCA-029, 103 N.M. 655, 712 P.2d 1, Defendant argues that he should have been allowed to withdraw his plea because he had been under the impression that his prior attorney had made a secret deal with the prosecution, which would have capped his sentence at four years. [MIO 15] The district court did not believe Defendant's claim [MIO 16], and we defer to the district court on this credibility determination. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie).

{8}     For the reasons set forth above, we affirm.

{9}     **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Chief Judge**

5

_____

**JAMES J. WECHSLER, Judge**